

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUN 1 2 2012

CLERK, U.S. DISTRICT COURT
By_____
                Deputy

THUAN M. PHAM,                    §
                                  §
        Movant,                   §
                                  §
                                  §
VS.                               §   NO. 4:12-CV-240-A
                                  §   (NO. 4:05-CR-056-A)
UNITED STATES OF AMERICA,         §
                                  §
        Respondent.               §

MEMORANDUM OPINION
and
ORDER

Before the court for decision is the motion of Thuan M. Pham
("Pham") to vacate, set aside, or correct his sentence pursuant
to 28 U.S.C. § 2255. Having reviewed the motion, the record, and
applicable legal authorities, the court concludes that the motion
should be dismissed as time-barred.

I.

Background

On June 3, 2005, Pham pleaded guilty to one count of
conspiracy to distribute a controlled substance, in violation of
21 U.S.C. §§ 846 and 841(a) and (b)(1)(C), and one count of
possession of a controlled substance with intent to distribute,
in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and 18
U.S.C. § 2. The district court sentenced Pham to 188 months of
imprisonment and a three-year term of supervised release on
September 27, 2005. Pham did not file a notice of appeal from the
judgment of sentence. Thus, his conviction became final under

§ 2255 on October 7, 2005, the last day that he could file his notice of appeal from the judgment of sentence.

On February 6, 2012, Pham filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2); the court denied his motion for reduction of sentence on February 22, 2012. On April 20, 2012, Pham filed this motion seeking relief under 28 U.S.C. § 2255.

II.

Analysis

The court now considers the standard for determining the timeliness of § 2255 motions, and applies that standard to Pham's motion. A one-year period of limitations applies to motions under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence.  28 U.S.C. § 2255(f). Section 2255(f) provides that:

> The [one-year] limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

If the limitation period is determined by the date on which the judgment of conviction became final, then movant's § 2255 motion is clearly time-barred. When a defendant fails to file a timely notice of appeal from the judgment of the trial court, the conviction is final upon the expiration of the time for filing a notice of appeal, which is ten days after the entry of the judgment.[1] Fed. R. App. P. 4(b). The judgment of sentence in this case was entered on September 27, 2005. Because movant did not file any appeal or any notice of appeal to the United States Court of Appeals for the Fifth Circuit, movant's conviction became final on October 7, 2005. Therefore, the instant § 2255 motion filed on April 20, 2012--six and a half years later--was filed well beyond the expiration of the one-year limitations period.

Movant argues that the limitations period was not controlled by the date on which the judgment of conviction became final. <u>See</u> 28 U.S.C. § 2555(f)(1). Rather, movant argues that the limitations period did not begin until "[t]he date in which the factual predicate for the action could have been discovered through the exercise of due diligence," or "[t]he date on which the legal predicate for the motion was initially recognized by the United States Supreme Court." Mot. at 1.

_____

[1] When a § 2255 movant does not pursue a direct appeal to the court of appeals, his conviction becomes final either on the date that the judgment was entered, <u>see United States v. Sanders</u>, 247 F.3d 139, 142 (4th Cir. 2001), <u>cert. denied</u>, 534 U.S. 1032 (2001), or on the date on which the ten-day time period for filing such appeal expired, <u>see Kapral v. United States</u>, 166 F.3d 565, 577 (3d Cir. 1999) (a majority view). As a result, even if defendant's conviction was not final until after the ten-day appeal period had expired, his § 2255 motion was not timely because it was filed more than one year later.

3

The "factual predicate" argument appears to be directed to § 2255(f)(4). Subsection (4) provides that the limitations period will not run until "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C § 2255(f)(4). However, movant does not identify the date on which he learned of the newly discovered facts supporting his claims, nor does movant even state what those newly discovered facts were. Thus, movant has not alleged anything to support the conclusion that the limitations period was triggered by the date movant learned of newly discovered evidence.

As for movant's "legal predicate" argument, subsection (3) of § 2255(f) provides that the statute of limitations will not run until "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Id. § 2255(f)(3). The "newly recognized," "retroactively applicable" right that movant generally alludes to is the Sixth Amendment right to effective counsel during plea bargaining, which the Supreme Court recognized in Missouri v. Frye, __ U.S. __, 132 S. Ct. 1399 (2012). However, the only reference to this right is the citation to the case itself, Mot. at 2, 4, and the following statements:

> Counsel should've rejected the Pre sentence report involving defendant's multiple calculations for Agg Robb that were imposed on the same day and had no intervening arrests. Counsel erred in not raising this issue at sentencing after defendant clearly asked attorney to bring this motion before the court. . . .

4

> Counsel advised the defendant during plea negotiations
> that the court would recognize at sentencing the
> misguided guideline calculation and criminal history
> score. It is clear on the record and the error is not
> harmless. See U.S. v. Frye u.s. no.10-444, 3-21-2012
> Supreme court ruling which changed the way courts
> interpreted ineffective assistance of counsel claims.

Mot. at 4 (errors in original) (emphasis added).

Although movant makes no allegation as to the existence of any plea offer affected by counsel's advice, movant appears to claim that his counsel was ineffective during the plea-bargaining process and relies on Frye to argue that his motion was timely under § 2255(f)(3). In Frye, the Supreme Court clarified that the Sixth Amendment right to effective assistance of counsel under Strickland v. Washington, 466 U.S. 668, 686 (1984), extends to the negotiation and consideration of plea offers that lapse or are rejected. See Frye, 132 S. Ct. at 1404-08. The Supreme Court held that counsel has a "duty to communicate formal offers from the prosecution to accept a plea," and that, in general, where such an offer is not timely communicated to the defendant, counsel "[does] not render the effective assistance the Constitution requires." Frye, 132 S.Ct. at 1408. In order to show prejudice under Strickland's two-part test, a defendant must demonstrate a reasonable probability that: (1) he would have accepted a plea offer but for counsel's ineffective assistance; and (2) the plea would have resulted in a lesser charge or a lower sentence. Frye, 132 S.Ct. at 1409.

The newly recognized right in plea bargaining that the Supreme Court recognized in Frye, however, does not apply to

movant. The question presented in <u>Frye</u> was whether a defendant
received ineffective assistance of counsel when defense counsel
failed to inform the defendant of the government's proposed plea
offer before the offer lapsed. As the court noted, no such
proposed plea offer is at issue in movant's case. Given that
movant is really complaining that counsel failed to properly
advise him on his expected sentence, the court concludes that
movant's case is factually dissimilar. The wrongfully withheld
information in <u>Frye</u> was the government's plea offer; the
allegedly withheld information here was the possibility the court
would sentence Pham based on allegedly incorrect information in
the presentence report.  At bottom, Pham appears to be arguing
that his counsel failed to object to alleged errors in the
presentence report, and further failed to inform him that the
court improperly relied upon these alleged errors in determining
his sentence. None of these alleged deficiencies in counsel's
performance were addressed in the <u>Frye</u> holding.

    The court is aware that grossly underestimating the amount
of a defendant's jail time can constitute prejudice under
<u>Strickland</u>. However, this constitutional rule was announced in
<u>Glover v. United States</u>, 531 U.S. 198, 203-04 (2001), which was
in force long before movant was even convicted. <u>See also</u> <u>United</u>
<u>States v. Herrera</u>, 412 F.3d 577, 582 (5th Cir. 2005). And, movant
fails to identify any other applicable "newly recognized,"
"retroactively applicable" constitutional right concerning
counsel's deficient performance that would delay the start of the

limitations period. Thus, the court finds nothing in the allegations that would cause the court to conclude that movant's instant motion was timely under § 2255(f)(3).

The court therefore concludes that the limitations period on movant's § 2255 motion began on the date on which his judgment of conviction became final. Accordingly, because his motion was not filed until several years after the termination of the one-year limitations period, his motion is time-barred.

III.

Order

Therefore,

The court ORDERS that Pham's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, dismissed as time-barred.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED June 12, 2012.

JOHN McBRYDE
United States District Judge

7